**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TROY HERRERA,

      Plaintiff,

v.                                           No. CIV-06-1017 MCA/RLP

SEVENTH JUDICIAL DISTRICT COURT
COUNTY OF SOCORRO,
HONORABLE EDMUND H. KASE III,
DISTRICT COURT JUDGE DIVISION I,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis. For the reasons below, Plaintiff will be notified of certain options.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was denied a fair trial as a result of his attorney's

ineffective representation, the conviction resulted from hearsay evidence, he was denied the opportunity to question the jury before trial, and his attorney did not file an appeal.  Plaintiff claims that his trial and conviction violated certain unspecified constitutional rights.  For relief, the complaint asks that Plaintiff's sentence be reconsidered, dismissed, or, at least, ordered to run concurrently.

Plaintiff may not pursue claims for vacating or modifying a state criminal sentence in a civil rights action.  As the Supreme Court has stated,

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution."  Petitioner's complaint states such a claim.  Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.  Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).  The relief Defendant seeks, if available, must be pursued in a habeas corpus proceeding.

Defendant's claims are expressly contemplated by 28 U.S.C. § 2254: relief is available where a petitioner is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States."  § 2254(a).  In the analogous situation following a federal conviction,

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)).  These rules restricting the recharacterizing of claims under § 2255 also apply to habeas corpus applications under § 2254.  *See Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005) ("[A] district court must follow certain procedures before recharacterizing pro se pleadings as claims under §§ 2254 or 2255.").

The Court finds that Plaintiff's complaint should be considered as an application under § 2254, notwithstanding its designation as a civil rights complaint, because of the nature of the relief sought.  In light of the ruling in *Kelly* and *Davis*, the Court notes that, if Plaintiff pursues relief under § 2254, the application is subject to a one-year statute of limitations and Plaintiff may be barred from filing a subsequent § 2254 application.  If Plaintiff does not withdraw the complaint, the Court will consider the pleading as if it were brought under 28 U.S.C. § 2254.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis is GRANTED;

IT IS FURTHER ORDERED that Plaintiff is hereby NOTIFIED that, within twenty (20) days from entry of this order, he may voluntarily dismiss his complaint or notify the Court in writing that he agrees to have the complaint recharacterized and considered as an application for writ of habeas corpus under 28 U.S.C. § 2254.

_____
UNITED STATES MAGISTRATE JUDGE